Matthew STURDIVANT *v.* ARKANSAS DEPARTMENT of
HEALTH & HUMAN SERVICES

CA 07-38                                                260 S.W.3d 763

Court of Appeals of Arkansas
Opinion delivered August 29, 2007

Morgan Law Firm, by: M. Edward Morgan, for appellant.

Gray Allen Turner, Dep't of Human Servs., Office of Chief Counsel, for appellee.

LARRY D. VAUGHT, Judge. After Matthew Sturdivant had sexual contact with a minor, his name was placed on the Child Maltreatment Central Registry. The placement decision was upheld after being reviewed by an administrative law judge and again on appeal to the Van Buren County Circuit Court. Sturdivant now appeals to us. He claims that the trial court erroneously failed to consider an affirmative defense and refused to apply the doctrine of collateral estoppel. We find no error and affirm the judgment of the circuit court.

The facts of this case are undisputed. On July 7, 2004, a complaint of sexual contact between Sturdivant and his minor girlfriend, A.H., was received by the Department of Health and Human Services. Sturdivant, who was nineteen at the time of the incident, admitted to having sexual intercourse with A.H., who was thirteen years and eight months old. Based on Sturdivant's admission, investigators from DHHS's Crimes Against Children Division determined the complaint to be "true," and Sturdivant's name was placed on the Child Maltreatment Central Registry. Subsequently, Sturdivant was also charged with two counts of statutory rape. Sturdivant filed an administrative appeal with DHHS, arguing that his name should be removed from the registry; however, his administrative appeal hearing was stayed pending the outcome of the criminal proceeding.

The criminal charges were tried before a jury on February 15, 2005. At trial, Sturdivant presented an affirmative defense arguing that he reasonably believed A.H. to be older than the critical age of fourteen. See Ark. Code Ann. § 5-14-102(c)(1)

(Repl. 2005).[1] The jury returned a verdict finding Sturdivant "not guilty" of rape based on his affirmative defense.

Following trial, on May 12, 2005, the administrative appeal regarding Sturdivant's placement on the registry was heard. The ALJ determined that Sturdivant's name "shall remain" on the registry because the affirmative defense raised by appellant was not applicable to the Child Maltreatment Act. The ALJ further concluded that Sturdivant's actions satisfied the elements of sexual abuse and ordered that his name remain on the registry. Sturdivant appealed the ALJ's decision to circuit court. After considering Sturdivant's affirmative defense and estoppel arguments, the circuit court ordered that his name remain on the registry. It is from this decision that Sturdivant appeals.

Our review of administrative agency decisions is limited in scope. *Ark. Dep't of Human Servs. v. Bixler*, 364 Ark. 292, 210 S.W.3d 135 (2005). The standard of review to be used by both circuit and appellate courts is whether there is substantial evidence to support the agency's finding. *Id.*, 210 S.W.3d 135. Thus, the review by an appellate court is directed not to the decision of the circuit court but rather to the decision of the administrative agency. *Id.*, 210 S.W.3d 135. The challenging party has the burden of proving an absence of substantial evidence and must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not have reached its conclusion. *Id.*, 210 S.W.3d 135. The question is not whether the evidence would have supported a contrary finding, but rather whether it supports the finding that was made. *Id.*, 210 S.W.3d 135. Because administrative agencies are better equipped than courts, by specialization, experience, and more flexible procedures, to determine and analyze underlying legal issues affecting their agencies, a court may not substitute its judgment and discretion for that of the administrative agency. *Id.*, 210 S.W.3d 135.

For his first point on appeal, Sturdivant argues that he was wrongly denied the benefit of his affirmative defense in his administrative hearing. On August 12, 2005, Act 1705 went into effect, which amended the Child Maltreatment Code to allow the

---

[1] This statute provides that "[w]hen the criminality of conduct depends on a child's being below the age of fourteen (14) years and the actor is under the age of twenty (20) years, it is an affirmative defense that the actor reasonably believed the child to be of the critical age or above." Ark. Code Ann. § 5-14-102(c)(1).

application of affirmative defenses to maltreatment proceedings.[2] But Sturdivant's case was decided on May 23, 2005, less than a month before the amendment went into effect (and the sexual contact occurred more than a year before the act went into effect). In accordance with the canons of statutory interpretation, unless a statute expressly states otherwise, it is presumed that the legislature intends for it to apply prospectively or on the date of its enactment. *Dickenson v. Fletcher*, 361 Ark. 244, 206 S.W.3d 229 (2005). However, our supreme court has determined that procedural and remedial legislation is appropriately applied retroactively because these changes do not disturb vested rights or create new obligations. *Id.*, 206 S.W.3d 229.

■ Based on this exception to the general rule, Sturdivant argues that because Act 1705 is both procedural and remedial legislation it should be applied retroactively. We disagree. Strict statutory construction is waived only if a statute provides new or more appropriate remedies to enforce existing rights or obligations. *Id.*, 206 S.W.3d 229. The right to raise offenses or affirmative defenses in maltreatment proceedings did not exist prior to the enactment of Act 1705 — the statute created a *new* right. Therefore, the circuit court correctly refused to apply Act 1705 retroactively to Sturdivant's administrative proceeding and correctly denied him the benefit of his affirmative defense.

■ Further, even if Sturdivant were allowed the benefit of the affirmative defense he successfully offered in his criminal proceeding, substantial evidence remains to support a finding that his name should remain on the registry. Indeed, the registry applies to persons who have sexually maltreated children under sixteen years of age. At his criminal trial, Sturdivant merely proved that he reasonably believed A.H. to be at least fourteen years old. Thus, the possibility was left open that he knew she was fourteen or fifteen at the time of sexual contact.

■ Lastly, Sturdivant argues that because he was acquitted of rape in his criminal proceeding, DHHS was collaterally estopped from listing his name on the registry. However, the

---

[2] Act 1705, which was codified at Ark. Code Ann. § 12-12-512 (2)(A)(1)(ii)(b) (Repl. 2005), reads: For any act or omission of maltreatment [that] would be a criminal offense or an act of delinquency, any offense or affirmative defense that would be applicable to the criminal offense or delinquent act is also cognizable in a maltreatment proceeding.

doctrine of collateral estoppel only bars the re-litigation of issues that have already been decided. *Ark. Dep't of Human Servs. v. Dearman*, 40 Ark. App. 63, 842 S.W.2d 449 (1992). The issue in Sturdivant's criminal trial was whether he committed statutory rape. In his administrative hearing, the issue was whether he sexually abused a minor. As discussed previously, these offenses have different age thresholds. Additionally, the burden of proof in a criminal proceeding is beyond a reasonable doubt, whereas the burden of proof in an administrative proceeding is preponderance of the evidence. As such, Sturdivant's success in his criminal proceeding has no bearing on the administrative determination, and the circuit court correctly refused to apply the doctrine of collateral estoppel.

Affirmed.

GLADWIN and GRIFFEN, JJ., agree.